IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| TONI M. KALOUSEK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 07-0387-CV-W-ODS |
| | ) |
| UNION SECURITY INSURANCE | ) |
| COMPANY and HALLMARK CARDS, | ) |
| INC., | ) |
| | ) |
| Defendants. | ) |

ORDER AND OPINION (1) DENYING DEFENDANTS' MOTION TO DISMISS AND (2) DIRECTING THE PARTIES TO ADDRESS CERTAIN JURISDICTIONAL ISSUES

Pending is Defendants' Motion to Dismiss. The Court has reservations about its jurisdiction and will direct the parties to address them; however, Defendants' motion (Doc. # 7) is denied.

Plaintiff applied for long-term disability benefits from the benefit plan made available by Plaintiff's employer. Her application was denied, and Plaintiff appealed. In March 2007 the initial decision was overturned and Plaintiff's claim was granted. Monthly payments commenced, and Plaintiff was also paid the benefits that accrued from the date of her initial application.

Plaintiff filed this suit in state court in April 2007, seeking enforcement of an attorney's lien purportedly applicable to her benefits. More specifically, she sought an order directing Defendants to pay a certain percentage of each benefit payment to her attorney. Defendants removed the case to federal court; the Notice of Removal demonstrated Defendants' belief the suit "seeks to recover attorneys' fees, apparently pursuant to 29 U.S.C. § 1132(g), concerning a claim for benefits under the welfare benefit plan." This belief was reiterated in Defendants' motion, wherein they contended the case must be dismissed because ERISA bars a claim for fees. Defendants also addressed Plaintiff's effort to enforce the attorney lien, contending the lien was not enforceable and the plan's anti-alienation provision bars its enforcement. Plaintiff

responded, insisting she is not seeking to obtain more money than she is already receiving, but only brought suit to enforce the lien in order to affect how the benefits she is receiving are distributed.

Much of what Defendants have argued is not relevant to this case. Plaintiff's Complaint and her response to the Motion to Dismiss establish she is not seeking an award of attorney fees over and above the benefits she is receiving. Even if ERISA bars an order awarding attorney fees, her claim is not affected.

Defendants addressed the relief she actually seeks, but some of the arguments (e.g., sufficiency of notice) cannot be evaluated in a 12(b)(6) motion. Defendants' argument about the effect of the plan's anti-alienation provision is undercut by the authority Defendants proffer to support it. In the case cited, the Eleventh Circuit held an unambiguous anti-alienation provision would prevent an insured from assigning his or her right to collect benefits to the health care provider. In turn, this would bar the health care provider from filing the claim and, if necessary, filing suit to recover the benefits that would have been due the insured. Physicians Multispecialty Group v. Health Care Plan of Horton Homes, Inc., 371 F.3d 1291, 1294-96 (11th Cir. 2004). Plaintiff did not assign the right to recovery; in fact, technically she did not assign anything because the lien is created automatically by virtue of law. Mo. Rev. Stat. § 484.130. Setting this observation aside for the moment, a third party is not receiving the right to pursue the claim for benefits, so it is not clear that the anti-alienation provision applies. Moreover, Defendants have not pointed to any authority establishing such a provision is effective against a lien created by statute.

Before delving further into the matter, the Court observes two rather significant jurisdictional issues that need to be addressed. Defendants removed this case, contending the claim for attorney fees was preempted by ERISA. Had this been Plaintiff's claim, jurisdiction would exist. However, this was not Plaintiff's claim, and the jurisdictional basis has not been established. The Court harbors doubts about the existence of federal jurisdiction in this matter: Plaintiff is not seeking money from the plan and the amount of the benefits is not at issue. What is at issue is Plaintiff's ability to direct who will receive what portion of her benefits. The Court doubts this issue is

2

governed or preempted by ERISA.  Regardless, as the parties invoking federal jurisdiction it is Defendants' burden to demonstrate it exists, e.g., Hays v. Hoffman, 325 F.3d 982, 987 (8th Cir. 2003), and Defendants have not made the necessary demonstration with regard to the claim Plaintiff has actually raised.

A second jurisdictional issue is standing.  An attorney lien protects the attorney's ability to collect fees and can be enforced by the attorney.  The plaintiff in this case is not the attorney holding the lien; the plaintiff is the client.  The client does not have the right to enforce the lien, so she probably lacks standing in this case.  Nonetheless, the Court would prefer to have the parties' input before deciding the matter.

As a concluding thought, the Court observes this matter could easily be resolved with some discussion and without the need for a lawsuit.  The beneficiary's presence as Plaintiff suggests she wants some of her benefits paid to her attorney; it should be a simple matter for Defendants to arrange for this to happen, and will not necessitate the expenditure of resources that a lawsuit requires.

The parties shall file briefs addressing the jurisdictional matters raised herein on or before October 25, 2007.  They shall have until and including November 16, 2007, to file responses if they desire to do so.

IT IS SO ORDERED.

DATE: October 2, 2007

/s/ Ortrie D. Smith
ORTRIE D. SMITH, JUDGE
UNITED STATES DISTRICT COURT

3