IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| TONI M. KALOUSEK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 07-0387-CV-W-ODS |
| ) | |
| UNION SECURITY INSURANCE ) | |
| COMPANY and HALLMARK CARDS, ) | |
| INC., ) | |
| ) | |
| Defendants. ) | |

### ORDER (1) DENYING DEFENDANTS' MOTION TO DISMISS, (2) DIRECTING THE CASE BE REMANDED TO STATE COURT, (3) STAYING THE REMAND, AND (4) CERTIFYING THIS ORDER FOR INTERLOCUTORY APPEAL

Defendants removed this case from state court and asked this court to dismiss, arguing the claims asserted are preempted. The Court concludes it lacks jurisdiction in this matter, so the case should be remanded to state court. However, the closeness of the issue and the paucity of applicable legal authority persuades the court that its decision should be stayed and the issue certified for an appeal to the Court of Appeals.

### I. BACKGROUND

Plaintiff Toni Kalousek applied for long-term disability benefits from the benefit plan made available by her employer. The application was denied, and Kalousek appealed. In March 2007 the initial decision was overturned and her claim was granted. Monthly payments commenced, and Kalousek was also paid the benefits that accrued from the date of her initial application.

Kalousek then initiated this action in state court, seeking an order directing Defendants to honor an attorney lien by paying a portion of her benefits directly to her attorneys. Defendants removed the case to federal court; the Notice of Removal demonstrated Defendants' belief the suit "seeks to recover attorneys' fees, apparently

pursuant to 29 U.S.C. § 1132(g), concerning a claim for benefits under the welfare benefit plan." In its initial order, the Court observed the claim asserted did not seek payment of attorney's fees at Defendants' expense, but rather the payment of attorneys out of the proceeds concededly owed to Plaintiff. The Court then directed the parties to address the Court's jurisdiction. Multiple filings ensued, including one that added Kalousek's attorneys as parties.[1]

## II. DISCUSSION

"Actions initiated in state court that are within the scope of and are preempted by ERISA may be removed federal court." Eide v. Grey Fox Tech. Servs. Corp., 329 F.3d 600, 604 (8th Cir. 2003). The Court's jurisdiction and ERISA's preemptive reach are intertwined, Shea v. Esensten, 107 F.3d 625, 627 (8th Cir.), cert. denied, 522 U.S. 914 (1997), so the key inquiry is whether the law firm plaintiffs' (Plaintiffs Burnett and Driskill) attorney lien claim is preempted by ERISA.

ERISA preempts state laws "insofar as they may now or hereafter relate to any employee benefit plan" described in the statute. 29 U.S.C. ss 1144(a). A state law "relates to" an ERISA plan if it has "a connection with or reference to such a plan." Metropolitan Life Ins. Co. v. Massachusetts, 471 U.S. 724, 739 (1985) (internal quotations omitted). In this case, a key facet of this issue is that Burnett and Driskill are not seeking coverage or any other claim against the plan, nor are they seeking payment from the plan. The remedies and claims available to Kalousek have been addressed in the settlement with defendants and have no bearing on this case. Similarly, the amount of money Defendants must pay is not affected by this suit.

It is also significant that the attorney lien statute is a law of general application.

---

[1]There is still an issue regarding Kalousek's standing to assert an attorney lien. Resolving this issue will not dispose of the case, and there is no need to address it at this time. If the case is remanded due to a lack of jurisdiction, the state court can address Kalousek's status as a party to this action; if the case is preempted, the case will be dismissed regardless of Kalousek's viability as a party.

2

The fact that it is a law of general application (as opposed to a law that targets benefit plans for different treatment) does not mean the claim is not preempted. However, as a law of general application, it lacks a reference to benefit plans. The statute relates to benefit plans only because it is being asserted against one in this particular case -- but that is the only connection between the statute and ERISA-governed plans. "Preemption does not occur if the state law has only a tenuous, remote, or peripheral connection with covered plans, as is the case with many laws of general applicability." New York State Conference of Blue Cross & Blue Shield Plans v. Travelers Ins. Co., 514 U.S. 645, 661 (1995) (quotations omitted).

> [C]ases have relied on a variety of factors when determining whether a state statute of general application "relates to" ERISA plans. These factors include whether the state law negates an ERISA plan provision, whether the state law affects relations between primary ERISA entities, whether the state law impacts the structure of ERISA plans, whether the state law impacts the administration of ERISA plans, whether the state law has an economic impact on ERISA plans, whether preemption of the state law is consistent with other ERISA provisions, and whether the state law is an exercise of traditional power.

Arkansas Blue Cross & Blue Shield v. St. Mary's Hosp., Inc., 947 F.2d 1341, 1344-45 (8th Cir. 1991), cert. denied, 504 U.S. 957 (1992) (quotations and citations omitted).

These are factors, not components of a checklist. "The court must still look at the totality of the state's statutes impact on the plan -- both how many of the factors favor preemption and how heavily each individual factor favors preemption are relevant." Id. at 1345. Defendants emphasize a perceived conflict with the plan's anti-alienation provisions, which bar the beneficiary from assigning benefits or the right to claim benefits. The Court doubts the anti-alienation provision applies because Kalousek is not assigning or transferring her rights or benefits; instead, the transfer occurs by operation of law. More importantly, the reach of ERISA's statutory preemption cannot be dictated entirely by an agreement between private parties. See id; Arkansas Blue Cross, 947 F.2d at 1345. Defendants also contend the statute impacts all of the factors in Arkansas Blue Cross because it imposes costs on the plan, requires effort by plan

3

administrators, and dictates the actions of plan administrators.  While this is true to a certain extent, these claims could be made about any statute of general application, thereby suggesting preemption of all statutes of general application.  Given that not all statutes are preempted, an analysis that automatically leads to that conclusion cannot be accepted.

More importantly, the Supreme Court has addressed a similar situation in <u>Mackey v. Lanier Collection Agency & Serv., Inc.</u> when it held that a state's general garnishment statute was not preempted by ERISA.  In that case, plan beneficiaries were judgment debtors of a collection agency's clients, and the collection agency attempted to garnish their plan benefits.  The plan administrators objected, arguing the garnishment was preempted by ERISA.  In arguments very similar to those presented here, the administrators argued "that when an employee benefit plan is garnished under Georgia law by a creditor of a participant, plan trustees are served with a garnishment summons, become parties to a suit, and must respond and deposit the demanded funds due the beneficiary-debtor-funds that otherwise they are required to hold and pay out to those beneficiaries.  At the very least, petitioners contend, benefit plans subject to garnishment will incur substantial administrative burdens and costs." 486 U.S. 825, 831 (1988).  The Supreme Court rejected this argument for a variety of reasons, including (1) Congress' consideration of, but failure to pass, a provision for ERISA that explicitly barred garnishments, attachments, and other judgment-enforcing devices and (2) given that a beneficiary's use of garnishment procedures to enforce a judgment against the plan was not preempted, a third-party's use of garnishment procedures also was not preempted.  Most significantly for purposes of the present discussion: if Defendants' arguments were valid, then <u>Mackey</u> -- which involved the same arguments -- could not have been decided the way it was.[2]

Defendants also compare the attorney lien statute to the law challenged in <u>Arkansas Blue Cross</u>.  There, the Eighth Circuit held a state statute allowing for assignment of insurance benefits and requiring plan administrators to honor

---

[2] Defendants identify some differences between garnishments and attorney liens.  The Court concludes these differences have no effect on the legal analysis.

4

assignments made by beneficiaries/participants was preempted by ERISA. That statute is differentiated by the greater impact on the relationship between "primary ERISA entities – the employer, the plan, the plan fiduciaries and the beneficiaries." 947 F.2d at 1346. The statute also "imposes on the claims administrator the burden of determining whether and to whom the plan beneficiaries have made assignments and then paying the appropriate parties." Id. at 1346-47. This requires the administrator to correctly evaluate the validity of any such assignment, lest it later be determined the assignment was ineffective. In this case, the attorney lien can be challenged or enforced in a judicial proceeding, removing the uncertainty attendant to a mere assignment. As with garnishments, the slight nature and extent of the burdens of such proceedings do not augur in favor of preemption. Allowing the attorney lien to be asserted does not upset the relations between the plan and its beneficiaries: the beneficiary gains no rights to recovery that were not otherwise existing. The statute stands in stark contrast to state laws (e.g., breach of contract, vexatious refusal to pay, coverage mandates) that purport to give participants rights and remedies other than those granted by ERISA. It does not require the plan to pay more money than it otherwise would have to. Finally, attorney liens, like most statutory liens, are traditional (and typical) areas of state regulation.

The Court concedes the issue is a close one. Indeed, the Supreme Court expressed similar sentiments in Mackey when discussing garnishment proceedings. 486 U.S. at 830-31. This issue may evade review, see 28 U.S.C. § 1447(d),[3] and in this unique situation the important issues related to ERISA-preemption justify a departure from the usual rule prohibiting review of orders remanding cases for lack of jurisdiction. To ensure that such an opportunity exists, the Court exercises its discretion to stay its decision and certify it for interlocutory appeal pursuant to 28 U.S.C. § 1292. Such an order is justified if the District Court concludes "(1) the order involves a controlling question of law; (2) there is substantial ground for difference of opinion; and (3)

---

[3]The Court says "may" because the Court of Appeals could view this issue as (1) a jurisdictional matter, which cannot be reviewed, or (2) a preemption issue, which can. The Court tends to believe the latter view is more accurate and that review would be available, rendering this certification unnecessary. It is made solely in an abundance of caution to provide an avenue for appeal in case it is needed.

5

certification will materially advance the ultimate termination of the litigation." Union County, Iowa v. Piper Jaffray & Co., Inc., 525 F.3d 643, 646 (8th Cir. 2008) (quoting White, 43 F.3d at 377). The preemption issue is a controlling question (both as to this Court's jurisdiction and the merits of Defendants' Motion to Dismiss), certification may advance the termination of this case, and as stated earlier there is a substantial ground for difference of opinion on this issue. All three criteria have been satisfied.

### III. CONCLUSION

Defendants' Motion to Dismiss (Doc. # 23) is denied. The Court concludes Plaintiffs' claim is not preempted by ERISA, so it lacks jurisdiction in this case. The case is remanded to state court, but the remand is stayed until October 14, 2008. This Order is certified for an interlocutory appeal, and if the Order is appealed the stay will remain in effect until all appeals become final.
IT IS SO ORDERED.

DATE: September 12, 2008

/s/ Ortrie D. Smith
ORTRIE D. SMITH, JUDGE
UNITED STATES DISTRICT COURT

6